UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD FEEDAM,

    Plaintiff,                              CIVIL ACTION NO. 06-13440

v.                                        DISTRICT JUDGE GEORGE CARAM STEEH

                                               MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF                     FORMERLY ASSIGNED TO
SOCIAL SECURITY,                       MAGISTRATE JUDGE WALLACE CAPEL, JR.,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Both Plaintiff's and Defendant's Motions for Summary Judgment should be DENIED, and the case REMANDED to the Commissioner for further proceedings, to include vocational expert testimony, in order determine whether alternative jobs existed in the national economy that claimant could have performed, given his non-exertional limitations, during the relevant period.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on September 30, 2003, alleging that he had become disabled and unable to work on February 1, 2001, at age 52, due to back pain and mental depression. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on January 5, 2006, before Administrative Law Judge (ALJ) Michael Wilenkin. The ALJ found that the claimant retained the residual functional capacity to perform work at all exertional levels.

The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 57 years old at the time of the administrative hearing (TR 242). He had been graduated from college with an engineering degree, and had been employed as a design drafter for various engineering firms during the relevant past (TR 242-243). As an engineer, he sat for most of the workday. He had to frequently bend down and reach over his head.  He was required to lift less than 10 pounds on a regular basis (TR 47). Claimant stopped working in February 2001, due to major depression, hepatitis and lumbar disc pain (TR 244, 249).  Plaintiff claimed that he was completely disabled as a result of severe depression and periodic hallucinations (TR 246). Claimant testified that the depression interfered with his memory and concentration, and that he almost drank himself to death as a result of his poor mental condition (TR 245, 247).  Plaintiff stated that he has been sober since August 2005 (TR 245).  Other impairments which allegedly prevented him from returning to work included extreme fatigue caused by hepatitis and severe low back pain (TR 249-250). The claimant estimated that he could sit for only an hour, stand for three hours and lift about 20 pounds (TR 253-254). Pain medications provided only temporary relief, and he had to lie down several times a day to alleviate his back pain and fatigue (TR 254).

A Vocational Expert, Lawrence Zatkin, classified Plaintiff's past work as sedentary, skilled  activity, which imparted a number of transferable skills (TR 257-258).  The witness

testified that there were no jobs for claimant to perform if his testimony were fully accepted[1] (TR 221). The witness was not questioned, however, on whether jobs existed in the national economy that Plaintiff could still perform given his age, educational level, work history and residual functional capacity to perform work at all exertional levels.

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of major depression, but that this condition was not severe enough to either meet or equal the Listing of Impairments. The ALJ recognized that the claimant's mental impairment precluded him from returning to his past work as an engineer and from performing skilled jobs. The ALJ did not seek vocational expert testimony at Step 5 of the sequential disability evaluation process. He instead relied on the Medical-Vocational Guidelines (Rule 204.00) to justify a conclusion that there were substantial numbers of jobs available in the economy for claimant to perform despite his functional limitations stemming from his depression.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court

---

[1]The witness opined that the claimant's alleged cognitive and intellectual deficits stemming from his mental depression would preclude all work activity (TR 259).

**3**

also does not try the case de novo, or resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

If the Commissioner's decision is not supported by substantial evidence, the court can reverse the decision and award benefits, but only if (1) there is an adequate record, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985); (2) there are no unresolved, essential factual issues, Faucher v. Secretary, 17 F.3d 171, 176 (6th Cir. 1994); and (3) the record "compels" the conclusion that a plaintiff has established legal entitlements to benefits.  INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992)(emphasis in original).  If these conditions are not met, the court may not award benefits and must remand the case under sentence four of 42 U.S.C. § 405(g)[2] for additional fact finding.

---

[2]Sentence four of 42 U.S.C. 405(g) states:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

DISCUSSION AND ANALYSIS

I am persuaded that substantial evidence does not exist on the record that Plaintiff remained capable of performing a full range work at all exertional levels.  I further conclude that the Law Judge failed to sustain his burden of proving that substantial numbers of specific jobs accommodating claimant's known restrictions existed in the national economy since February 2001, the alleged onset date of disability. Specifically, the Law Judge erroneously applied the Medical Vocational Guidelines ("the grid") in reaching a conclusion of non-disability. He applied Rule 204.00, Subpart P of Appendix 2, which directs a conclusion that a claimant who is  capable of performing at all exertional levels is not disabled.  Application of the grid in the instant case was erroneous because claimant suffers from significant non-exertional limitations resulting from his major depression that prevent him from performing a full range of work activity.

In <u>Kirk v. Secretary</u>, 667 F.2d 524 (6th Cir. 1981), <u>cert</u>. <u>denied</u>, 461 U.S. 957 (1983), the Sixth Circuit held that application of the grid was appropriate only when the components of the grid precisely matched the claimant's condition.  The grid is not fully applicable when the claimant suffers from nonexertional limitations[3], the effects of which are not incorporated by the grid.

The mere allegation of a nonexertional impairment is not sufficient to preclude application of the grid.  "Not even a minor nonexertional limitation is enough; the claimant must show an impairment that significantly limits his ability to do a <u>full</u> range of work at a

---

[3]Nonexertional impairments are defined as "certain mental, sensory or skin impairments" or "impairments [which] result solely in postural and manipulative limitations or environmental restrictions".  20 C.F.R. Part 404, Subpart P, Appendix 2, Section 200.00(e).  See also 20 C.F.R 404.1569a (2006).

**5**

designated level." (emphasis added) <u>Kimbrough v. Secretary</u>, 801 F.2d 794, 796 (6th Cir. 1986) (per curiam); see also <u>Cole v. Secretary</u>, 820 F.2d 768 (6th Cir. 1987).  "By the use of the phrase 'significantly diminish' we mean the additional loss of work capacity beyond a negligible one or, in other words, one that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity." <u>Bapp v. Bowen</u>, 802 F.2d 601, 606 (2d Cir. 1986) (footnote omitted).

     The medical evidence of record supports, and the Law Judge so found, that Plaintiff suffers from severe major depression.  Dr. Thomas Kelly, a treating psychologist, reported in May 2004, that Plaintiff's depression has resulted in marked restrictions in such areas as daily living and social functioning.  According to the treating clinician, depression has also interfered with claimant's ability to concentrate and has caused problems with persistence and pace.  There have also been repeated episodes of decompensation (TR 180). These limitations constituted non-exertional impairments that entitled Plaintiff to a non-guideline determination.  In fact, since the ALJ expressly determined that the claimant was no longer able to perform skilled jobs because of his mental impairment (TR 19), the Defendant has acknowledged that Plaintiff had certain nonexertional limitations that precluded simple application of the grid to direct a decision. Thus, the parties do not dispute the fact that Plaintiff could not perform a full range of work given the serious functional limitations stemming from his major depression.

     The Court has the power to affirm, modify, reverse or remand an action after acquiring subject matter jurisdiction to review a final decision of the Commissioner.  42 U.S.C. § 405(g) (1982).  This statute authorizes the Court to remand the case for additional administrative action where, as here, there is a reasonable probability that the

Commissioner might reach a different disposition of the disability claim.  See <u>Carroll v. Califano</u>, 619 F.2d 1157, 1162 (6th Cir. 1980).  Because claimant could not perform a full range work at all exertional levels, his characteristics did not precisely fit the pattern of the medical vocational guidelines and the ALJ was required to make a nonguideline determination.  <u>Kirk</u>, 667 F.2d at 531.  Therefore, the undersigned is persuaded that the instant case should be remanded to the Commissioner for further proceedings, to include vocational expert testimony as to whether alternative jobs accommodating Plaintiff's limitations existed in the national economy since February 2001.[4]

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

---

[4] The fact that psychiatric records from 2005 indicated improvement in his depression once he stopped drinking alcohol (TR 18, 183-236) precludes a judicial award of benefits as the proof of disability was not "overwhelming". See <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d at 175.  Contrary to Plaintiff's assertion that his mental impairment was severe enough to meet the Listing of Impairments, Dr. Edward Nol, another treating psychiatrist, opined in November 2003, that "it was not clear that Plaintiff was disabled on psychiatric grounds" (TR 165).

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                       s/Donald A. Scheer  
                                       DONALD A. SCHEER  
                                       UNITED STATES MAGISTRATE JUDGE

DATED: February 26, 2007

_____

## CERTIFICATE OF SERVICE

I hereby certify on February 26, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 26, 2007. **None.**

                                         s/Michael E. Lang  
                                         Deputy Clerk to  
                                         Magistrate Judge Donald A. Scheer  
                                         (313) 234-5217